NOTICE

Decision filed 11/21/23. The text of this decision may be changed or corrected prior to the filing of a Peti ion for Rehearing or the disposition of the same.

2023 IL App (5th) 230723

NO. 5-23-0723

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Clinton County. |
| | ) | |
| v. | ) | No. 23-CF-214 |
| | ) | |
| JEREMY R. LIPPERT, | ) | Honorable |
| | ) | Douglas C. Gruenke, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MCHANEY delivered the judgment of the court, with opinion.
Justices Welch and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1 The defendant, Jeremy R. Lippert, appeals the September 19, 2023, order of the circuit court of Clinton County that reimposed monetary bail as a condition of the defendant's pretrial release. The defendant was arrested and detained prior to the effective date of Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] Accordingly, his appeal addresses a narrow issue only relevant to those defendants who were arrested and detained prior to the Act taking effect.[2] Therefore, our holding

_____

[1]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

[2]While the effective date pursuant to the statute was January 1, 2023, our supreme court lifted the stay and set the effective date as September 18, 2023. See Pub. Acts 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023); *Raoul*, 2023 IL 129248, ¶ 52.

1

should not be construed to affect those defendants arrested on or after the effective date of the Act. For the reasons that follow, we reverse and remand.

¶ 2                                    I. BACKGROUND

¶ 3     On September 1, 2023, the defendant was charged by information with one count of kidnapping, a Class 2 felony, one count of intimidation, a Class 3 felony, and one count of unlawful restraint, a Class 3 felony. He was arrested on August 31, 2023. On September 1, 2023, the circuit court set the defendant's bond at $100,000, requiring the deposit of 10% and ordered that he have no contact with the victim or his residence.

¶ 4     As of September 18, 2023, the defendant remained in pretrial detention. The State did not file a verified petition requesting denial of pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) as amended by the Act, and the defendant did not file a motion requesting a hearing under section 110-5(e) of the Code. 725 ILCS 5/110-6.1, 110-5(e) (West 2022). On September 19, 2023, the circuit court held a "48-hour bond hearing pursuant to the new pretrial provisions of the SAFE-T Act."[3] The State made a proffer that included the violent nature of the offense, the defendant's lengthy criminal history, and the fact that the defendant committed new offenses while on probation. The circuit court ruled that as a condition of the defendant's pretrial release, his requirement to post monetary security in the amount of $100,000 remained. The circuit court refused to impose any pretrial release conditions other than the original monetary bond. The circuit court found that "due to the nature of the need to protect somebody else, a specific person, particularly the victim here, I don't find that a no contact order would be sufficient. I also don't find that electronic monitoring would be sufficient. I'm going to find that— the no lesser conditions would insure his appearance or protection of other persons so the prior

_____

[3]This is the language used by the circuit court to characterize the hearing.

orders will remain." The circuit further stated to the defendant, "Mr. Lippert, that means you are not being held without bond. You're being held on the prior order which means that you do have the possibility of posting bond."

¶ 5     On September 25, 2023, the defendant filed a timely notice of appeal.

¶ 6                                     II. ANALYSIS

¶ 7     On appeal, the defendant argues that the circuit court no longer had the statutory authority to impose a pretrial release condition that included monetary security. We agree.

¶ 8     The issue on appeal involves a question of statutory interpretation that is reviewed *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45. When interpreting a statute, the primary goal, "to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 48. The best indication of the legislative intent is the plain language of the statute. *Id.* "The statute should be evaluated as a whole, with each provision construed in connection with every other section. When the statutory language is clear, we must apply the statute as written without resort to other tools of construction." *Id.*

¶ 9     The Code takes into consideration those persons who were arrested prior to the effective date of the Act and separates them into three categories. 725 ILCS 5/110-7.5 (West 2022). The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. *Id.* § 110-7.5(a). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions, *including the depositing of monetary security*. *Id.* § 110-7.5(b). The third category consists of any person who remains in pretrial detention and whose bond was previously set as "no bail." *Id.*

¶ 10    The defendant belongs to the second category. *Id.* Section 110-7.5(b) provides:

"(b) On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." *Id.*

¶ 11 Section 110-5(e) states as follows:

"(e) If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 12 The State never filed a verified petition for denial of pretrial release. The defendant never filed a motion to remove the monetary condition from his pretrial release order under section 110-7.5(b) and section 110-5(e) of the Code. The circuit court conducted a section 110-5(e) hearing, *sua sponte*, which denied the defendant the opportunity to elect to stand on the terms of his original pretrial conditions. See *People v. Rios*, 2023 IL App (5th) 230724, ¶ 16 ("We find that defendants such as Rios who previously had pretrial conditions set, including the depositing of monetary security, have two options under the Code. Under sections 110-7.5(b) and 110-5(e), a defendant may file a motion seeking a hearing to have their pretrial conditions reviewed anew. Alternatively,

a defendant may elect to stay in detention until such time as the previously set monetary security may be paid. A defendant may elect this option so that they may be released under the terms of the original bail."). The defendant was present at the hearing and was represented by counsel. We decline to speculate on whether the absence of an objection by the defendant could be construed as his election to go forward with the section 110-5(e) hearing. The Code forbids the circuit court from reimposing monetary bond as a condition of pretrial release. 725 ILCS 5/110-1.5 (West 2022). The only way monetary security could remain as a condition of the defendant's pretrial release was if the defendant made the election to stand on the original terms of his bond, set before the effective date of the Act.

¶ 13                                    III. CONCLUSION

¶ 14     For the reasons stated, we reverse the circuit court's order of September 19, 2023, and remand for further proceedings.

¶ 15     Reversed and remanded.

*People v. Lippert*, 2023 IL App (5th) 230723

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Clinton County, No. 23-CF-214; the Hon. Douglas C. Gruenke, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Benjamin Wimmer, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |