NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230858-U

NO. 4-23-0858

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
December 19, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MALCOLM D. WHITE, | ) | No. 23CF1852 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer J. Clifford, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Knecht concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court reversed and remanded, holding the trial court erred by
holding a detention hearing where the State had not filed a verified petition to
deny defendant pretrial release.

¶ 2   Defendant, Malcolm D. White, appeals the trial court's order denying him pretrial

release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS

5/110-1 *et seq.* (West 2022)), as amended by Public Acts 101-652 and 102-1104 (eff. Jan. 1,

2023), commonly known as the Pretrial Fairness Act (Act). Defendant was ordered released on

the condition of depositing monetary security prior to the date the Act went into effect, and he

filed a motion for reconsideration of the conditions of his pretrial release after the Act went into

effect. On appeal, defendant contends that the court abused its discretion by denying him pretrial

release after conducting a detention hearing under section 110-6.1(e) of the Code (725 ILCS

5/110-6.1(e) (West 2022)), rather than holding a hearing under section 110-5(e) (*id.* § 110-5(e)) in response to his motion. Alternatively, defendant argues the court erred by detaining him because the State failed to prove by clear and convincing evidence that he should be denied pretrial release. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4            On August 9, 2023, defendant was charged with two counts of armed violence (720 ILCS 5/33A-2(a) (West 2022)) in that, while armed with a loaded handgun, he committed the felonies of possession of cannabis with intent to deliver and possession of a controlled substance, respectively. Defendant was also charged with possession with intent to deliver cannabis (720 ILCS 550/5(d) (West 2022)), possession of a firearm without the requisite firearm owner's identification card (430 ILCS 65/2(a)(1) (West 2022)), and possession of a controlled substance (720 ILCS 570/402(c) (West 2022)). The trial court set defendant's bond at $300,000.

¶ 5            On August 16, 2023, defendant filed a motion for a recognizance bond or a bond reduction on the ground that he was financially unable to post any amount of cash for bail. The trial court denied the motion.

¶ 6            On August 18, 2023, an indictment was filed charging defendant with the five offenses alleged in the complaint and an additional charge of violation of bail bond (720 ILCS 5/32-l0(a-5) (West 2022)) in that he knowingly possessed a firearm while released on bond in another case.

¶ 7            On September 18, 2023, defendant filed a motion for reconsideration of his pretrial release conditions. On September 20, 2023, the trial court held a hearing on defendant's motion. Defense counsel requested that defendant be released from pretrial custody pursuant to the Act. Counsel made a proffer, noting weaknesses in the State's case regarding defendant's

connection to drugs and a handgun officers found in a room where he was present. The State also made a proffer, noting facts it believed connected defendant to the handgun and drugs in the backpack. The State also noted defendant was ineligible to possess a handgun at the time of the instant offense because he was then released on bond in two prior criminal cases. The parties indicated they had only argument left to present. The court stated: "[T]here's nothing in the statute that identifies how this hearing is supposed to be. I'm making it similar to what a detention hearing would be in terms of burdens. So I guess the State can go first."

¶ 8 The State requested that the court deny defendant's motion for reconsideration of the conditions of his pretrial release and hold him without bond. The State noted defendant was released on bond in connection with two prior cases at the time of the charges in the instant case and he continued to possess firearms. The State argued that "based on the progression of these cases the defendant is not likely to comply with any conditions of pretrial release, and no combination of conditions can mitigate a real and present threat to the community."

¶ 9 Defense counsel argued that the State had not carried any of its burdens. Counsel stated: "I know it's unclear in this hearing, but just if we're looking at the guidance as to what this would be if it was a new case coming in, State has to show that the proof is evident or [the] presumption is great that he committed the offense" by clear and convincing evidence. Counsel argued the State had not met this burden.

¶ 10 The trial court ordered that defendant be detained. The court stated: "As I said before, it doesn't seem to be outlined in the statute what the Court is supposed to look at in terms of the burdens and the hearing." The court noted defendant was charged with armed violence, which was a detainable offense. The court then stated:

"[Defendant] filed a motion for the Court to reconsider the conditions of his pretrial release. Under the [Act] financial ability to pay cannot be considered or used as a reason to detain somebody. There are different factors. So what I'm looking at are the factors of a detention hearing itself as if the State had filed a detention hearing, but I'm also considering the factors that the Court considers on a motion to—when the State files a motion to revoke pretrial release based on a new charge or based on a violation of that. And I think that they're similar, but just so the parties understand my thought process."

¶ 11    The court found the proof was evident or the presumption great that defendant committed a qualifying offense. The court also found defendant posed a real and present threat to the safety of a person or persons in the community "based on the fact that this is an armed, violent charge which alleges a large amount of drugs and firearm *** in a location where children were present." The court also found that no conditions could be imposed on defendant that would assure the safety of the community. The court noted defendant had been released on bond or on his own recognizance on several prior charges but continued to possess weapons "over and over again." The court stated it did not believe there were any conditions it could place on defendant that he would follow. This appeal followed.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant argues the trial court abused its discretion by denying him pretrial release after conducting a detention hearing under section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)) rather than holding a hearing under section 110-5(e) (*id.* § 110-5(e)). Alternatively, defendant argues the court erred by detaining him because the State failed to prove by clear and convincing evidence that he should be denied pretrial release.

¶ 14    We first consider defendant's argument that the trial court erred by conducting a detention hearing under section 110-6.1(e) of the Code (*id*. § 110-6.1(e)). Defendant notes that he filed a motion for reconsideration of his pretrial release conditions pursuant to section 110-7.5(b) of the Code (*id.* § 110-7.5(b)), which required the court to conduct a hearing under section 110-5(e) of the Code (*id.* § 110-5(e)) to determine whether his continued detention was due to unsatisfied pretrial release conditions. Defendant also notes the State did not file a verified petition to deny pretrial release, but the court indicated it would proceed as if the State had filed such a petition.

¶ 15    We find defendant has forfeited this issue by failing to object to the procedure employed by the trial court during the hearing or include the issue as a ground for relief in his notice of appeal, as required by Illinois Supreme Court Rule 604(h)(2) (eff. Jan. 1, 2023) ("The Notice of Appeal shall describe the relief requested and the grounds for the relief requested."); See *People v. Martin*, 2023 IL App (4th) 230826, ¶¶ 18-19. However, "forfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue." *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36. We may overlook a party's forfeiture of an issue "when necessary to obtain a just result." (Internal quotation marks omitted.) *People v. Raney*, 2014 IL App (4th) 130551, ¶ 33. Due to the irregularity of the proceeding in the trial court and in the interest of obtaining a just result, we elect to address this issue despite defendant's forfeiture.

¶ 16    Section 110-7.5(b) of the Code provides:

"On or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including the condition of

depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5.

On or after January 1, 2023, any person, not subject to subsection (b), who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:

(1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.

(2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.

(3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions." 725 ILCS 5/110-7.5(b) (West 2022).

Section 110-5(e) of the Code provides:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as

required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 17 Here, defendant was previously ordered released on the condition of depositing monetary security but remained in pretrial custody due to his inability to pay. Accordingly, he was entitled to a hearing under section 110-5(e) when he filed his motion for reconsideration of the conditions of his pretrial release. Section 110-5(e) provides that a defendant may not be held in pretrial detention due to his inability to pay for one of the conditions of release and that, in such a circumstance, "the court shall reopen the conditions of release hearing *to determine what available pretrial conditions exist* that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release." *Id.* Section 110-5(a) sets forth the matters the court is to consider when determining what conditions to impose, and section 110-10 sets forth both mandatory conditions of pretrial release and additional conditions that may be imposed when necessary. See *id.* §§ 110-5(a), 110-10.

¶ 18 Sections 110-5(e) and 110-7.5(b) do not expressly permit the trial court to *sua sponte* hold a detention hearing upon a defendant's motion for reconsideration of the conditions of pretrial release, as happened in the instant case, and other provisions of the Act indicate such a procedure is improper. Section 110-2(a) of the Code states that there is a presumption that a defendant is entitled to pretrial release on personal recognizance and that "[p]retrial release may be denied only if a person is charged with an offense listed in Section 110-6.1 and after the court

has held a hearing under section 110-6.1." 725 ILCS 5/110-2(a) (West 2022). Notably, section 110-6.1 provides that the court shall hold a detention hearing pursuant to that section "[u]pon verified petition by the State." *Id.* § 110-6.1(a). Similarly, section 110-2(e) provides:

> "This Section shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release, *while authorizing the court, upon motion of a prosecutor, to order pretrial detention of the person under Section 110-6.1* when it finds clear and convincing evidence that no condition or combination of conditions can reasonably ensure the effectuation of these goals." (Emphasis added.) *Id.* § 110-2(e).

¶ 19        Thus, the Act indicates that all defendants are presumed eligible for pretrial release with conditions, and it sets forth specific circumstances in which release may be denied and specific procedures that must be followed before release may be denied. Such procedures are initiated by the State, not the trial court, by the filing of a verified petition to deny pretrial release. See *id.* §§ 110-2(e), 110-6.1(a). As the State did not file a verified petition in the instant case, it was improper for the court to hold a detention hearing under section 110-6.1 rather than a hearing under 110-5(e) to determine what pretrial conditions would reasonably assure defendant's future appearance and the safety of the community.

¶ 20        We acknowledge that two Fifth District decisions have indicated that if a defendant being held on bail requests a hearing under sections 110-7.5(b) and 110-5(e) of the Code, the defendant may potentially be subject to detention without the possibility of pretrial

release. *People v. Rios*, 2023 IL App (5th) 230724, ¶ 17; *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 22. However, section 110-2(a) of the Code provides that pretrial release may be denied *only* after the court has held a hearing under section 110-6.1, which must be initiated by the State filing a verified petition. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Thus, in the absence of a verified petition seeking the defendant's pretrial detention, the trial court does not have the discretion to hold a detention hearing when a defendant who has previously been ordered released on the condition of depositing monetary security seeks a hearing under sections 110-7.5(b) and 110-5(e).

¶ 21        As we have found reversal is warranted based on the procedure employed by the trial court, we need not reach defendant's argument that the court erred by finding the State had proven by clear and convincing evidence that he should be denied pretrial release due to the threat he posed to the safety of the community.

¶ 22                                III. CONCLUSION

¶ 23        For the reasons stated, we reverse the trial court's judgment and remand the matter for a hearing under section 110-5(e) of the Code.

¶ 24        Reversed and remanded.