2024 IL App (4th) 231373-U

NOS. 4-23-1373, 4-23-1374, 4-23-1375 cons.

NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 13, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| BLAKE T. WILCOXSON, | ) | Nos. 23CF155 |
| Defendant-Appellant. | ) | 23CF490 |
| | ) | 23CF574 |
| | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and DeArmond concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) The trial court's pretrial detention order is vacated in part where the court
lacked the authority to order defendant detained in a case that involved a pending
petition to revoke his probation and his alleged violations of his probation were not
criminal offenses.

(2) The trial court's detention order is reversed in part and the matter remanded
where the court erred by ordering defendant detained in the absence of a verified
petition filed by the State to deny his pretrial release.

¶ 2     Defendant, Blake T. Wilcoxson, appeals the trial court's decision in three
underlying criminal cases to deny him pretrial release under article 110 of the Code of Criminal
Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as amended by Public
Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). Defendant's
appeals have been consolidated on review. For the reasons that follow, we vacate in part, reverse

in part, and remand for further proceedings.

¶ 3                                    I. BACKGROUND

¶ 4            On March 6, 2023, the State charged defendant—in Tazewell County case No. 23-CF-155—with two counts of retail theft (720 ILCS 5/16-25(a)(1) (West 2022)), both of which were Class 4 felony offenses. Defendant was arrested and the trial court set his bond at $3000, with 10% to apply. On March 7, 2023, defendant posted bond and was released from custody. On March 23, 2023, he failed to appear for his arraignment in the case. The court issued a warrant for defendant's arrest and ordered his bond forfeited.

¶ 5            On April 25, 2023, the warrant was executed, and defendant was arrested and held without bond. On May 8, 2023, he pleaded guilty to his retail theft charges and was sentenced to 24 months of high-risk probation. Defendant was also ordered to serve a total of 105 days in jail, with credit for 15 days served. The remaining 90 days in jail were "stayed pending a remission hearing" set for November 9, 2023, to determine whether defendant was in full compliance with the conditions of his probation.

¶ 6            On July 3, 2023, the State filed a petition to revoke defendant's probation. It alleged he violated his probation by failing to (1) report as directed to the adult probation department on May 8, 2023, and June 7, 2023; (2) keep his probation officer informed of his current address; and (3) respond truthfully when a probation officer asked his name on June 6, 2023.

¶ 7            Also on July 3, 2023, the State charged defendant in a separate case—Tazewell County case No. 23-CF-490—with unlawful possession of less than five grams of a substance containing methamphetamine (720 ILCS 646/60(a) (West 2022)), a Class 3 felony. Defendant was arrested and bond was set in both of his cases at $7500, with 10% to apply. On July 28, 2023, defendant posted bond and was released from custody.

¶ 8            On August 7, 2023, the State filed a third criminal case against defendant—Tazewell County case No. 23-CF-574. It charged him with (1) unlawful possession of a stolen or converted vehicle (625 ILCS 5/4-103(a)(1) (West 2022)), a Class 2 felony; (2) burglary (720 ILCS 5/19-1(a) (West 2022)), a Class 3 felony; and (3) unlawful possession of less than five grams of a substance containing methamphetamine (720 ILCS 646/60(a) (West 2022)), a Class 3 felony.

¶ 9            On August 10, 2023, defendant failed to appear in court for a review in case No. 23-CF-155 and for a pretrial scheduling conference in case No. 23-CF-490. Again, a warrant was issued for his arrest and his bond was forfeited. On August 24, 2023, defendant was arrested. He appeared in court on all three cases the following day and was ordered to be held in custody without bond.

¶ 10           On September 18, 2023, the Act's provisions became effective. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52, 223 N.E.3d 1010. On September 19, 2023, defendant filed a motion for reconsideration of his pretrial release conditions in case No. 23-CF-155, citing section 110-7.5 of the Code, as amended by the Act (725 ILCS 5/110-7.5 (West 2022)). Defendant asked the trial court to set the matter for a hearing and "reconsider the conditions of pretrial release."

¶ 11           On November 9, 2023, defendant filed a motion to reinstate bond and release him from custody in all three of his cases. Citing section 110-7.5(b) of the Code (*id.* § 110-7.5(b)), he, again, asked the trial court to "reconsider the conditions of pretrial release." No responsive pleading was filed by the State to either of defendant's motions.

¶ 12           On November 14, 2023, the trial court conducted a hearing relative to all three cases. Defendant's counsel asked the court to consider defendant's November 9, 2023, motion and proceeded first, "[by] way of proffer." Counsel represented to the court that defendant failed to appear in court on August 10, 2023, "because he had just confused his court date." Counsel also

asserted that defendant's mother, who was present in court, was prepared to sign an affidavit "accepting responsibility to provide supervision for [defendant] and to report violations." According to counsel, defendant's mother resided "in the Pekin area," and she would allow defendant to reside in her home while his cases were pending. Counsel asked the court to either reinstate defendant's originally posted bond or, alternatively, release him from custody.

¶ 13 In response, the State noted defendant had a pending petition to revoke in case No. 23-CF-155, was placed on high-risk probation in that case, and "completely failed to do anything" relative to his probation, including to "report" after his release from custody. The State represented that defendant gave a false name to a probation officer who recognized him before he "basically ran away." It maintained that defendant had a substantial criminal history, as well as ties to Arkansas and Missouri. In addition to defendant's Tazewell County cases, he was arrested in Peoria County while on bond and high-risk probation. The State further asserted that defendant had prior failures to appear in two 2023 Peoria County misdemeanor cases, and that he faced 90 days' jail time in case No. 23-CF-155, which had been stayed pending a remission hearing that had not yet been conducted. It argued defendant presented a flight risk and asked the trial court to deny him release from custody.

¶ 14 Following the State's response, the trial court noted its confusion regarding how the matter should be analyzed. It inquired whether the parties were asking it "to evaluate per the *** Act," and both responded in the affirmative. The court then stated it did not "see a petition for detention from the State." The State asserted that was accurate and when defendant's motion was filed, "it was not indicated *** that the defendant was electing under the new *** Act." The court, however, noted that defendant's November 9, 2023, motion referenced section 110-7.5 of the Code. The court further stated as follows:

"So I'm just trying to figure out how I'm analyzing the case, whether it's willful flight or detention for the offense. Because I don't even know what the underlying offenses were on the—on the petitions to revoke. One was meth. What was [case No. 4-23-]155?"

The parties responded that case No. 23-CF-155 involved two Class 4 counts of retail theft.

¶ 15 The trial court next inquired as to the State's basis for objecting to pretrial release in case No. 23-CF-574. The State reiterated the arguments previously made based on defendant's criminal history and failures to appear. The court then stated as follows:

"Yeah because I—and I don't have the answer to this question, but I'm just putting it out there, is—once [defendant] files a motion, what does the State need to file or not file in response beforehand to—for me to detain? Because I—so I know what we're proceeding under, whether it's—I think willful flight is clear here because it was a no bond warrant and we had that issue. But it's just food for thought on that issue because I don't know the answer to that question.

*** So I'm going to treat it as willful flight for today. It's not going to change—change the outcome though. All right. And I need to know that because Mr.—your proffer seemed like it was under the *** Act as well with his mother watching."

¶ 16 The trial court next clarified with the parties defendant's age of 32 and the number of his prior failures to appear, which the State represented was four. The court went on to state that it was treating the case "as a willful flight only because [it did not] have a detention petition on [case No. 23-CF-574] right now." In finding defendant should be detained, the court noted that he had been on high-risk probation and "didn't turn [himself] in," and that he was alleged to have

committed additional offenses, including a Class 2 felony, while on probation. Noting that the burden of proof in the case was clear and convincing evidence, it stated the presumption was great that the probation violations occurred. Finally, the court concluded as follows:

> "So for those reasons, I'm going to continue to detain you, but on the willful flight basis only.
>
> And again, I don't know the answer to that question without a counterpetition, but the way I just read the statute, I believe that this is within the Court's purview without the State filing anything, since [case Nos. 23-CF-155 and 23-CF-490] were no bond and they were a no flight. But I'm not detaining you for danger to the community purposes on the [23-CF-]574 case. So all three you'll be detained."

¶ 17　　The same day as the hearing, the trial court entered a written detention order in all three cases. The record shows the court utilized a check-the-box style form order, which stated both that a hearing was conducted based "on the State's Petition to Detain" and "defendant's petition for release pursuant to" subsection 110-7.5 of the Code. The court checked boxes stating defendant had "a high likelihood of willful flight to avoid prosecution" and that he was charged with committing a felony listed in subsections 110-6.1(a)(1) through (7) of the Code (725 ILCS 5/110-6.1(a)(1)-(7) (West 2022)). The court checked a box indicating defendant had been on probation and also made a finding that his risk of flight could not be mitigated by any release condition or combination of conditions, stating as follows:

> "Based upon facts of the case and reasons stated on the record to include but not limited to histories of failing to appear, never showing to probation on the 2 [*sic*] [petition to revoke] cases, recency of the last failure to appear on [August 10, 2023,]

and new charges while on high[-]risk probation."

¶ 18        On November 27, 2023, defendant filed a notice of appeal in each of his three cases pursuant to Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). Defendant sought reversal of the trial court's detention order based on the following grounds (1) the State failed to prove that the proof was evident or the presumption great that he committed the charged offenses, (2) the State failed to prove that no condition or combination of conditions could mitigate his risk of willful flight, and (3) the court erred in finding that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor offense.

¶ 19                            II. ANALYSIS

¶ 20        On appeal, defendant has filed a Rule 604(h) memorandum in support of his request for reversal of the trial court's detention order. Defendant argues (1) the court erred by detaining him in connection with case No. 23-CF-155 because he had already pleaded guilty and been sentenced to probation in that case and, as a result, the Act did not apply; (2) the court erred by holding a detention hearing when the State had not filed a verified petition to detain; and (3) the State failed to prove he was eligible for detention because it did not show he committed any qualifying offense "and did not allege any specific articulable facts about the alleged offenses."

¶ 21                   A. Detention in Case No. 23-CF-155

¶ 22        The first issue raised by defendant on appeal in his Rule 604(h) memorandum concerns the trial court's authority to order detention in case No. 23-CF-155. According to defendant, the Act only applies "pretrial," and because he had already pleaded guilty and been sentenced in case No. 23-CF-155, the court lacked the authority to order his detention under the Act in that case. Defendant maintains the court's detention order should be vacated as it applies to

- 7 -

case No. 23-CF-155.

¶ 23    Initially, we note defendant did not raise this issue either before the trial court or in his notice of appeal. Under such circumstances, the issue may be deemed forfeited. See Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023) ("The Notice of Appeal shall describe the relief requested and the grounds for the relief requested."); *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19 (finding an issue raised for the first time in a defendant's Rule 604(h) memorandum was forfeited). Notably, however, the State does not argue that forfeiture precludes review of the issue and, instead, it concedes that error occurred. We note that "forfeiture is a limitation on the parties, not the court, and we may exercise our discretion to review an otherwise forfeited issue." See *People v. Curry*, 2018 IL App (1st) 152616, ¶ 36, 100 N.E.3d 482. Also, a defendant's forfeiture may be overlooked "when necessary to obtain a just result." (Internal quotation marks omitted.) *People v. Raney*, 2014 IL App (4th) 130551, ¶ 33, 8 N.E.3d 633. Under the circumstances presented, we decline to find the issue forfeited in this instance and consider its merits.

¶ 24    The trial court's decision to deny a defendant pretrial release is reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. A court abuses its discretion when its decision is arbitrary, fanciful, or unreasonable, or when no reasonable person would agree with the position it has adopted. *Id.* ¶ 10.

¶ 25    Additionally, we note that this issue presents a matter of statutory construction, which we review *de novo*. *People v. Jones*, 2023 IL App (4th) 230837, ¶ 13. "A court's fundamental objective in addressing issues of statutory construction is to ascertain and give effect to the legislature's intent." *People v. Taylor*, 2023 IL 128316, ¶ 45, 220 N.E.3d 1034. "The most reliable indicator of legislative intent is the language of the statute, which must be given its plain and ordinary meaning." *People v. Kastman*, 2022 IL 127681, ¶ 30, 211 N.E.3d 459. Additionally,

"[a] statute is viewed as a whole." *Id.*

¶ 26    In this instance, the parties agree that, under the Act, defendant could not be detained in case No. 23-CF-155 because he had already pleaded guilty and been sentenced to probation in that case. While we agree that detention was not authorized under the Act, we agree for a different reason. Specifically, both parties overlook the pending petition to revoke defendant's probation in case No. 23-CF-155. When a defendant has been accused of a probation violation, there are circumstances under which the Code's pretrial release procedures apply.

¶ 27    Relevant to this issue, section 5-6-4(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-4(b) (West 2022)) provides that when the State has filed a petition charging a violation of probation, conditional discharge, or supervision, the trial court must conduct a hearing of the alleged violation. Additionally, it states "[t]he court shall admit the offender to pretrial release pending the hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided in the Code *** , as amended." *Id.* Under the plain language of section 5-6-4(b), a defendant alleged to have violated his or her probation by committing a criminal offense may be subject to detention under article 110 of the Code. See *People v. Singleton*, 2024 IL App (4th) 231104-U, ¶ 19 (holding that where the defendant was accused of violating the terms of his conditional discharge by committing a criminal offense, under the plain language of section 5-6-4(b) of the Unified Code, he was entitled to pretrial release on such terms as provided in article 110 of the Code).

¶ 28    Here, the State filed a petition to revoke defendant's probation in case No. 23-CF-155, alleging he violated the conditions of his probation by failing to (1) report to the probation department on two specific dates, (2) keep his probation officer informed of his current address, and (3) respond truthfully when a probation officer asked him his name. Because the State did not

charge defendant with violating his probation by committing a criminal offense, the provision in section 5-6-4(b) that states pretrial release shall be "on such terms as are provided in the Code" was not applicable to defendant's specific circumstances. Instead, he was entitled to "pretrial release pending the hearing" on his violations. 730 ILCS 5/5-6-4(b) (West 2022). Accordingly, we agree with the parties that the trial court was not authorized to detain defendant under the Act in case No. 23-CF-155. The court abused its discretion by ordering detention in that case, and its order as it pertains to case No. 23-CF-155 must be vacated.

¶ 29                                    B. Authority for Detention Hearing

¶ 30            On appeal, defendant next argues that the trial court erred by holding a detention hearing in his two remaining cases—case Nos. 23-CF-490 and 23-CF-574—when the State had not filed a verified petition to deny him pretrial release. Defendant contends his motion to be released from custody was filed pursuant to subsection 110-7.5(b) of the Code (725 ILCS 5/110-7.5(b) (West 2022)), entitling him to a hearing for the reconsideration of his pretrial release conditions. Defendant maintains that, instead, the court improperly conducted a detention hearing under section 110-6.1 of the Code (*id.* § 110-6.1), which it was not authorized to do in the absence of the State's filing of a verified petition to deny him pretrial release.

¶ 31            Again, the record reflects defendant forfeited this issue by raising it for the first time in his Rule 604(h) memorandum. See Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023); *Martin*, 2023 IL App (4th) 230826, ¶ 19. However, defendant asks this court to overlook his forfeiture on the basis that he received ineffective assistance of counsel. See *Strickland v. Washington*, 466 U.S. 668 (1984). Additionally, he suggests that (1) the plain-error doctrine may be applied to excuse his forfeiture or (2) we overlook his forfeiture "[d]ue to the irregularity of the proceeding in the trial court and in the interest of obtaining a just result" as we did in a previous case under similar

factual circumstances. See *People v. White*, 2023 IL App (4th) 230858-U, ¶ 15 (noting forfeiture is a limitation on the parties but not the court and that forfeiture of an issue may be overlooked when necessary to obtain a just result).

¶ 32 We note that the challenged proceedings below occurred shortly after the effective date of the Act, and the record reflects confusion by both the trial court and the parties regarding the procedures applicable to defendant in light of his motion to reconsider the conditions of his release. Further, the State does not argue on appeal that forfeiture should bar this court's consideration of defendant's claim of error. Given these specific circumstances, we find it appropriate to overlook defendant's forfeiture and consider the merits of his claim in order to arrive at a just result.

¶ 33 As noted above, the trial court's decision to deny pretrial release is reviewed for an abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Further, statutory construction issues are subject to *de novo* review. *Jones*, 2023 IL App (4th) 230837, ¶ 13.

¶ 34 Section 110-7.5 of the Code (725 ILCS 5/110-7.5 (West 2022)) "takes into consideration those persons who were arrested prior to the effective date of the Act, and separates them into three categories." *People v. Lippert*, 2023 IL App (5th) 230723, ¶ 9.

> "The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the Act. [Citation.] The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions, including the depositing of monetary security. [Citation.] The third category consists of any person who remains in pretrial detention and whose bond was previously set as 'no bail.' [Citation.]" *Id.*

¶ 35 Defendants who fall into the second category are entitled to a hearing under section

110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)), while defendants who fall into the third category are entitled to a hearing "for reconsideration of pretrial conditions." 725 ILCS 5/110-7.5(b) (West 2022). The portion of section 110-7.5(b) that is relevant to the third category of offenders provides as follows:

> "On or after [the effective date of the Act], any person *** who remains in pretrial detention and is eligible for detention under Section 110-6.1 shall be entitled to a hearing according to the following schedule:
>
> (1) For persons charged with offenses under paragraphs (1) through (7) of subsection (a) of Section 110-6.1, the hearing shall be held within 90 days of the person's motion for reconsideration of pretrial release conditions.
>
> (2) For persons charged with offenses under paragraph (8) of subsection (a) of Section 110-6.1, the hearing shall be held within 60 days of the person's motion for reconsideration of pretrial release conditions.
>
> (3) For persons charged with all other offenses not listed in subsection (a) of Section 110-6.1, the hearing shall be held within 7 days of the person's motion for reconsideration of pretrial release conditions." *Id.*

¶ 36        Additionally, we note that, under the Code, all defendants are presumed eligible for and entitled to pretrial release. *Id.* §§ 110-2(a), 110-6.1(e). Although the Act authorizes a trial court to order pretrial detention, such may only occur following a hearing under section 110-6.1 of the Code, which must be initiated by the State's filing of a verified petition to deny pretrial release. *Id.* §§ 110-2(e), 110-6.1(a). Further, the Code permits the State to file a petition for pretrial detention in response to a defendant's motion made pursuant to section 110-7.5(b). *Jones*, 2023 IL App (4th) 230837, ¶ 24.

¶ 37    In the present case, defendant was arrested and held without bail prior to the effective date of the Act. Once the Act became effective, he filed a motion in which he requested the trial court "reconsider the conditions of pretrial release" under section 110-7.5(b). The State did not file a petition seeking pretrial detention; however, it did argue at the hearing on defendant's motion that he should remain in custody. Although the court acknowledged the lack of a petition filed by the State and expressed confusion over the correct statutory analysis to employ, it ultimately entered an order denying defendant pretrial release. We agree with defendant that such an action was not authorized by the Code in the absence of a verified petition filed by the State.

¶ 38    This court's recent decision in *White*, 2023 IL App (4th) 230858-U, is instructive. There, like in this case, the defendant was arrested prior to the effective date of the Act. *Id.* ¶ 4. The trial court set the defendant's bond at $300,000, but he was unable to pay and remained in custody. *Id.* ¶¶ 4-5. After the Act became effective, the defendant filed a motion for reconsideration of his pretrial release conditions. *Id.* ¶ 7. The State did not file a verified petition for detention, but it did request at a hearing on the motion that the trial court hold the defendant in custody. *Id.* ¶¶ 7-8. The trial court indicated it was considering the matter as if the State had filed a petition for detention and ordered the defendant detained. *Id.* ¶ 10.

¶ 39    On review, we reversed the trial court's detention order. *Id.* ¶ 23. We stated, because the "defendant was previously ordered released on the condition of depositing monetary security but remained in pretrial custody due to his inability to pay," section 110-7.5(b) entitled him "to a hearing under section 110-5(e) when he filed his motion for reconsideration of the conditions of his pretrial release." *Id.* ¶ 17. We held the trial court was not permitted to *sua sponte* hold a detention hearing upon a defendant's motion for reconsideration. *Id.* ¶ 18. We further stated as follows:

"[The Act] sets forth specific circumstances in which release may be denied and specific procedures that must be followed before release may be denied. Such procedures are initiated by the State, not the trial court, by the filing of a verified petition to deny pretrial release. [Citation.] As the State did not file a verified petition in the instant case, it was improper for the court to hold a detention hearing ***.

*** [S]ection 110-2(a) of the Code provides that pretrial release may be denied only after the court has held a hearing under section 110-6.1, which must be initiated by the State filing a verified petition. [Citation.] Thus, in the absence of a verified petition seeking the defendant's pretrial detention, the trial court does not have the discretion to hold a detention hearing when a defendant who has previously been ordered released on the condition of depositing monetary security seeks a hearing under sections 110-7.5(b) and 110-5(e)." *Id.* ¶¶ 19-20.

¶ 40 A similar result is warranted in the present case. The State did not file a verified petition for pretrial detention, which would have triggered proceedings under section 110-6.1 of the Code and allowed the trial court to deny defendant pretrial release. We note that, on appeal, the State contends that although it did not "physically" file a verified petition to detain, its petition "was made orally by the prosecutor at the hearing," and both parties informed the court that they were proceeding with a detention hearing under the Act. Initially, we find that the plain language of the Act requires a verified *written* petition, and the State fails to present any authority or reasoned analysis to support its contention that orally moving to detain a defendant meets the Act's requirements. Further, although the parties both responded in the affirmative when the court questioned whether they were asking it "to evaluate per the *** Act," such does not amount to an

agreement or acquiescence to proceeding specifically under section 110-6.1 of the Code with a detention hearing.

¶ 41     In this instance, the trial court's comments were confusing regarding the precise analysis it employed at the hearing. However, the record clearly shows it ordered defendant detained on willful flight grounds, which may only be done following a section 110-6.1 detention hearing. Such was not permissible in the absence of the State's filing of a written verified petition to deny defendant pretrial release. Accordingly, we reverse the court's detention order as it pertains to case Nos. 23-CF-490 and 23-CF-574, and we remand for a hearing on defendant's section 110-7.5(b) motion to reconsider the conditions of his pretrial release. In so holding, we note "section 110-5(a) of the Code [(725 ILCS 5/110-5(a) (West 2022))] sets forth the matters the court is to consider when determining what conditions to impose, and section 110-10 [(*id.* § 110-10)] sets forth both mandatory conditions of pretrial release and additional conditions that may be imposed when necessary." *Id.* ¶ 17.

¶ 42                              C.  Alternative Argument

¶ 43     On appeal, defendant raises the alternative argument that error occurred because the State failed to prove by clear and convincing evidence that he was eligible for detention. However, given our resolution of the other issues in the case, we find it unnecessary to address this additional claim.

¶ 44                              III. CONCLUSION

¶ 45     For the reasons stated, we vacate in part and reverse in part the trial court's judgment, and we remand for further proceedings.

¶ 46     Vacated in part and reversed in part; cause remanded.