NOTICE

Decision filed 03/19/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 240041

NOS. 5-24-0041, 5-24-0042 cons.

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | Nos. 23-CF-754, 23-CF-873 |
| | ) | |
| RUSSELL A. SHOCKLEY, | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE BOIE delivered the judgment of the court, with opinion.
Presiding Justice Vaughan and Justice McHaney concurred in the judgment and opinion.

**OPINION**

¶ 1      In June 2023, the defendant, Russell A. Shockley,[1] was arrested and charged in two criminal matters in the circuit court of Macon County. A combined bond of $350,000 was set in these cases, and the defendant was unable to post bond. The defendant remained detained and on November 14, 2023, filed a petition for pretrial release pursuant to sections 110-5(e) and 110-7.5 of the Code of Criminal Procedure of 1963 (Code) in both cases. 725 ILCS 5/110-5(e), 110-7.5 (West 2022). The State did not file a response in either case, nor did the State, at any time, file a verified petition for pretrial detention in either case.

_____

[1]The criminal information spells the defendant's name "Schockley," but all filings by the State and defendant thereafter spell it "Shockley."

1

¶ 2    On December 21, 2023, the circuit court held a hearing on the defendant's petition for pretrial release. Upon completion of the hearing, the circuit court denied the defendant's petition and ordered the defendant detained pending trial. The same day, the circuit court entered orders of detention in each case. The defendant timely appealed the circuit court's December 21, 2023, detention orders, and this court, in the interest of judicial economy, *sua sponte*, hereby consolidates the appeals for disposition. For the following reasons, we vacate the circuit court's detention orders.

¶ 3                                    I. BACKGROUND

¶ 4    On June 7, 2023, the defendant was charged by information with two counts of child pornography in violation of section 11-20.1(a)(4) and 11-20.1(a)(6) of Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-20.1(a)(4), (6) (West 2022)) and one count of indecent solicitation of a child in violation of section 11-6(a-5) of the Criminal Code (*id.* § 11-6(a-5)), in case No. 23-CF-754. The defendant was arrested, and bond was set at $300,000. The defendant was unable to post bond and remained detained.

¶ 5    On June 27, 2023, the defendant was charged by information with three counts of child pornography in violation of section 11-20.1(a)(1)(vii) and 11-20.1(a)(4) of the Criminal Code (*id.* § 11-20.1(a)(1)(vii), (a)(4)), in case No. 23-CF-873. The circuit court set bond in the amount of $50,000, along with a no contact order, in this matter. The defendant was unable to post the combined bond of $350,000 and remained detained.

¶ 6    On November 14, 2023, the defendant filed a petition for pretrial release pursuant to sections 110-5(e) and 110-7.5 of the Code in both cases. 725 ILCS 5/110-5(e), 110-7.5 (West 2022). The State did not file a response in either case, nor did the State, at any time, file a verified petition for pretrial detention in either case. The circuit court conducted a hearing on the

2

defendant's petition for release on December 21, 2023, denied the defendant's request for pretrial release, and entered detention orders in each case the same day. The defendant filed timely notices of appeal, and these appeals are now properly before this court.

¶ 7                                    II. ANALYSIS

¶ 8      To begin our analysis, we note that courts have generally held that the failure to object to an alleged error at the lower court level also forfeits the right to present that issue or claim of error on appeal. *People v. Carlson*, 79 Ill. 2d 564, 576 (1980). A criminal defendant who fails to object to an error has forfeited the error, precluding review of the error on appeal. *People v. Herron*, 215 Ill. 2d 167, 175 (2005). "The rationale behind this result is 'because failure to raise the issue at trial deprives the circuit court of an opportunity to correct the error, thereby wasting time and judicial resources.' " *People v. Presley*, 2023 IL App (5th) 230970, ¶ 28 (quoting *People v. Jackson*, 2022 IL 127256, ¶ 15). "This forfeiture rule also prevents criminal defendants from sitting idly by and knowingly allowing an irregular proceeding to go forward only to seek reversal due to the error when the outcome of the proceeding is not favorable." *Jackson*, 2022 IL 127256, ¶ 15. As such, any issue or claim of error not properly objected to in the lower court and raised within the notice of appeal, taken in conjunction with any memorandum, remains subject to forfeiture.

¶ 9      In this matter, the defendant failed to object to the circuit court's consideration of pretrial detention where no verified petition was filed by the State. Thus, the defendant has forfeited this issue on appeal. Forfeiture, however, is a " 'limitation on the parties and not the reviewing court, and we may overlook forfeiture where necessary to obtain a just result or maintain a sound body of precedent.' " *People v. Gray*, 2023 IL App (3d) 230435, ¶ 9 (quoting *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 65). Given the recent amendment of the Code and the developing case law,

3

we elect to overlook the defendant's forfeiture of this issue, but take no position on forfeiture in future cases.

¶ 10    Pretrial release is governed by article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023), commonly referred to as the Safety, Accountability, Fairness and Equity Today (SAFE-T) Act (Act).[2] See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). Our analysis regarding these appeals requires us to interpret the statutory provisions of this Act.

¶ 11    It is well established that our primary goal in interpreting a statute is to ascertain and give effect to the legislature's intent, of which its language is the best indicator. *People v. Jurisec*, 199 Ill. 2d 108, 118 (2002). We consider the statute as a whole and give the words used by the drafters their plain and ordinary meaning, thereby ensuring that no part is rendered meaningless or superfluous. *People v. Hilton*, 2023 IL App (1st) 220843, ¶ 16. We further do not depart from the plain language of the statute by reading into it any unexpressed exceptions, limitations, or conditions, and we presume that the legislature did not intend an absurd, inconvenient, or unjust result. *Id.* If the language of the statute is ambiguous such that the legislature's intent is not apparent from its face, this court may use tools of statutory construction to help determine the legislature's intent. See *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). Statutory construction is a question of law that we review *de novo*. *Hilton*, 2023 IL App (1st) 220843, ¶ 15.

¶ 12    Section 110-7.5(b) of the Code states that, "[o]n or after January 1, 2023, any person who remains in pretrial detention after having been ordered released with pretrial conditions, including

---

[2]"The Act has also sometimes been referred to in the press as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

the condition of depositing security, shall be entitled to a hearing under subsection (e) of Section 110-5." 725 ILCS 5/110-7.5(b) (West 2022). Section 110-5(e) of the Code states as follows:

"If a person remains in pretrial detention 48 hours after having been ordered released with pretrial conditions, the court shall hold a hearing to determine the reason for continued detention. If the reason for continued detention is due to the unavailability or the defendant's ineligibility for one or more pretrial conditions previously ordered by the court or directed by a pretrial services agency, the court shall reopen the conditions of release hearing to determine what available pretrial conditions exist that will reasonably ensure the appearance of a defendant as required, the safety of any other person, and the likelihood of compliance by the defendant with all the conditions of pretrial release. The inability of the defendant to pay for a condition of release or any other ineligibility for a condition of pretrial release shall not be used as a justification for the pretrial detention of that defendant." *Id.* § 110-5(e).

¶ 13 Section 110-5 of the Code governs the determination of the amount of bail and conditions of release; however, section 110-6.1 governs the denial of pretrial release. *Id.* § 110-6.1. Section 110-6.1(a) of the Code states that, "[u]pon verified petition by the State, the court shall hold a hearing and may deny a defendant pretrial release." *Id.* §§ 110-5, 110-6.1(a). Section 110-6.1(a) puts forth the requirements for the detention of a defendant, section 110-6.1(c) provides the timing of a petition to detain, section 110-6.1(d) sets forth the required contents of the verified petition, and section 110-6.1(f) governs the conduct of a pretrial detention hearing. *Id.* § 110-6.1(a), (c), (d), (f).

¶ 14    Here, the State did not file a response to the defendant's petition for release from detention, nor did it file a verified petition for the denial of pretrial release. At the hearing, the State argued as follows:

> "My suggestion here, Judge, is fairly straightforward and simple in that [the defendant] is charged in two different cases, and in terms of proffer, one of the things the Court can consider and should consider are the sworn statements of officers which are on file in both of these cases; and in terms of dangerousness, we have an individual that, if the sworn statements are accurate in terms of what they are recounting, and I would suggest they are, we have someone who has a pattern by this activity of soliciting young females for photographic purposes or for sexual advances. My suggestion is that is a big danger to the community and that his detention should be continued."

¶ 15    Even taking the above argument as an oral motion for detention, section 110-6.1 contains no provision that the State may orally move to detain a defendant. Section 110-6.1 specifically states, "[u]pon verified petition by the State, the court shall hold a hearing and may deny a defendant pretrial release." *Id.* §§ 110-5, 110-6.1(a). The plain and ordinary language of section 110-6.1 requires the State to file a verified petition to deny pretrial release, and we cannot part from the plain language of the statute by reading into it an unexpressed exception that the State may orally move to deny pretrial release.

¶ 16    We further note, looking at the Act as a whole, section 110-2(a) states that "[p]retrial release may be denied only if a person is charged with an offense listed in Section 110-6.1 and after the court has held a hearing under Section 110-6.1." *Id.* § 110-2(a). Section 110-2(e) further provides as follow:

"This Section shall be liberally construed to effectuate the purpose of relying on pretrial release by nonmonetary means to reasonably ensure an eligible person's appearance in court, the protection of the safety of any other person or the community, that the person will not attempt or obstruct the criminal justice process, and the person's compliance with all conditions of release, while authorizing the court, *upon motion of a prosecutor*, to order pretrial detention of the person under Section 110-6.1 when it finds clear and convincing evidence that no condition or combination of conditions can reasonably ensure the effectuation of these goals." (Emphasis added.) *Id.* § 110-2(e).

¶ 17    As such, section 110-2 mandates a "motion of a prosecutor" as a condition precedent to the circuit court's authorization to deny pretrial release and contains no provision that would allow the State to orally move for pretrial detention or permit the circuit court to *sua sponte* order pretrial detention absent a verified petition filed by the State. We further note that our interpretation here is consistent with the recent decisions in *People v. Adams*, 2024 IL App (4th) 231385-U, ¶¶ 16-17, and *People v. White*, 2023 IL App (4th) 230858-U, ¶ 18.

¶ 18    Although section 110-5(e) (725 ILCS 5/110-5(e) (West 2022)) mandates that the court shall hold a hearing to determine the reason for continued detention after a defendant has been ordered released with pretrial conditions, we find that there is no provision within section 110-5, 110-6, or 110-6.1 that permits a circuit court to *sua sponte* consider the denial of pretrial release absent the filing of a verified petition as required by section 110-6.1(a). *Id.* §§ 110-5, 110-6, 110-6.1. We therefore vacate the circuit court's December 21, 2023, detention orders and remand for a new hearing on the defendant's petition for pretrial release.

7

¶ 19                                    III. CONCLUSION

¶ 20    For the foregoing reasons, we vacate the December 21, 2023, detention orders of the circuit court of Macon County and remand for further proceedings consistent with this decision.

¶ 21    Vacated and remanded.

*People v. Shockley*, 2024 IL App (5th) 240041

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Macon County, Nos. 23-CF-754, 23-CF-873; the Hon. Thomas E. Griffith Jr., Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Jonathan Krieger, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |