2024 IL App (3d) 230758

Opinion filed March 26, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0758 Circuit No. 23-CM-661 |
| KILEY L. MITCHELL, | ) ) ) | The Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Peterson and Davenport concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Kiley L. Mitchell, was charged with violating a stalking no-contact order (720 ILCS 5/12-3.9(a) (West 2022)). The State filed a verified petition to deny Mitchell's pretrial release, which the circuit court granted after a hearing. In the memorandum he filed on appeal, Mitchell advances two challenges to the circuit court's detention decision. We affirm.

¶ 2                                    I. BACKGROUND

¶ 3    On December 14, 2023, Mitchell was charged with violating a stalking no-contact order The State filed a verified petition to deny pretrial release, alleging that under section 110-6.1(a)(3)

of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(3) (West 2022)), Mitchell's release posed a real and present threat to the safety of people or the community.

¶ 4    The State's factual basis included that Mitchell was on probation for cyberstalking Janee J. A condition of his probation prohibited contact with Janee or her residence. Mitchell had a pending petition to revoke his probation, alleging that he violated his probation by entering onto Janee's property and attempted to open the front door of her residence. The incident was captured on video. Mitchell was arrested and placed on pretrial release on December 8, 2023, with conditions that included a Global Positioning System (GPS) monitor with an exclusionary zone around Janee's residence. That same day, Janee obtained an emergency stalking no-contact order of protection against Mitchell.

¶ 5    On December 14, 2023, Janee received a call on her mobile phone identified as coming from Mitchell. Janee took a screen shot of the incoming call and provided it to the police. She was able to identify the number as the mobile phone belonging to Mitchell's child.

¶ 6    A pretrial risk assessment was completed. Mitchell refused to provide any contacts to verify the information he provided. The risk assessment indicated that he was a "Level 4" risk, with "Level 6" being the highest possible risk. Mitchell's criminal history included convictions for reckless driving, violating the rules at a state park, writing a bad check, driving on a suspended license, driving under the influence of alcohol, resisting a peace officer, and criminal trespass.

¶ 7    A hearing was held on the petition on December 15, 2023. The State presented the aforementioned factual basis, including that Mitchell violated his probation and pretrial release by contacting Janee. The prosecutor stated, "we feel that there simply are no additional conditions that we can place on Mr. Mitchell that will ensure the safety of this particular victim and ensure that he will not attempt to contact her any longer." Defense counsel argued that there was no

2

indication that defendant actually contacted Janee and stated that there had been no other violations of his GPS restrictions. The prosecutor added, "Judge, the defendant is obsessed with this woman. She's in fear for her safety and the safety of her family. He simply will not stop contacting her, and we are very concerned about the situation." At the close of the hearing, the circuit court found that the State met its burden by clear and convincing evidence. More specifically, the court found that the proof was evident that defendant committed a detainable offense and noted that defendant continued to contact Janee, violated his conditions of probation and pretrial release, and it could not "think of any conditions that [it] could do." Accordingly, the court granted the State's petition.

¶ 8    Mitchell filed a notice of appeal in which he alleged four grounds for relief: (1) the State did not prove by clear and convincing evidence that the proof was evident or the presumption great that he committed the offense charged, (2) the State did not prove by clear and convincing evidence that he posed a real and present threat to the safety of any person, persons, or the community based on the specific, articulable facts of the case, (3) the State did not prove by clear and convincing evidence that no condition or combination of conditions could mitigate the safety risk he posed to any person, persons, or the community, and (4) the circuit court erred when it found that no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 9    Subsequently, Mitchell filed a memorandum with this court in which he presented argument on the aforementioned first two grounds for relief. He did not present any arguments on the third and fourth grounds for relief he listed in his notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11    On appeal, Mitchell argues that (1) the presumption was not great that he committed a detainable offense and (2) he did not pose a real and present threat to the safety of any person or

3

the community. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19. We review issues of statutory construction *de novo. People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 12　　　　Every person charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1(a). The State then has the burden of proving by clear and convincing evidence that (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community, and (3) no conditions could mitigate either this safety risk, if the State is proceeding under subsections (a)(1) through (7), or the risk of the defendant's "willful flight," if the State is proceeding under subsection (a)(8). *Id.* § 110-6.1(e)(1)-(3). Section 110-10 provides guidance on the third element of section 110-6.1(e) by including a nonexclusive list of conditions that can be applied to individuals placed on pretrial release. *Id.* § 110-10.

¶ 13　　　　First, we cannot say that it was against the manifest weight of the evidence for the circuit court to find that Mitchell committed a detainable offense. The evidence presented by the State showed that Janee received a phone call identifying Mitchell as the caller. The fact that Janee's phone showed Mitchell as the caller indicated that Janee had that phone number saved in her phone under a contact with Mitchell's name. Based on this evidence, the court could have reasonably concluded that it was Mitchell who called Janee, even if the number belonged to his child. In fact,

Mitchell's past conduct of cyberstalking Janee and attempting to unlawfully enter her house made it more likely that he committed the alleged offense.

¶ 14    Second, we cannot say it was against the manifest weight of the evidence for the circuit court to conclude that Mitchell was a danger to Janee. The evidence showed that Mitchell was a danger to the victim, as he had a clear pattern of stalking her and the State indicated that she feared for her safety from Mitchell.

¶ 15    Lastly, we note that Mitchell's memorandum did not include argument on the third and fourth grounds for relief that he listed in his notice of appeal. Other districts of the appellate court have held that when a defendant files a memorandum in a pretrial-release appeal, any issues raised in the notice of appeal not argued in the memorandum are forfeited. See, *e.g.*, *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42. We hereby adopt the analysis as exemplified by *Forthenberry* and hold that the issues raised by Mitchell in his notice of appeal but not argued in his memorandum are forfeited.

¶ 16    In this regard, we further note that on March 15, 2024, our supreme court amended Rule 604(h), which contains specific requirements for appeals from pretrial-release cases. Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024). Among other things, the amended rule requires, as a prerequisite to an appeal from a pretrial-release decision, the appealing party to "first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief." *Id.* R. 604(h)(2). That motion for relief then serves as the appellant's argument on appeal. *Id.* R. 604(h)(7). However, the appellant may still choose to file a memorandum on appeal; if filed, the memorandum "must identify which issues from the motion for relief are being advanced on appeal." *Id.* Thus, the same type of forfeiture principle exemplified by *Forthenberry* has been implemented into Rule 604(h) by our supreme court and even though the amended Rule 604(h)

does not take effect until April 15, 2024, its adoption serves as an additional basis for our holding in this case.

¶ 17                                   III. CONCLUSION

¶ 18          The judgment of the circuit court of La Salle County is affirmed.

¶ 19          Affirmed.