**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230787-U

Order filed May 3, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0787 Circuit No. 21-CF-1686 |
| WILLIAM J. JENKINS, | ) ) ) | Honorable Kenneth L. Zelazo, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices Brennan and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:  We lack jurisdiction to consider defendant's initial detention order because defendant did not timely appeal it and affirm continued detention order because defendant raises no argument concerning it.

¶ 2     The Will County circuit court entered orders to detain defendant, William J. Jenkins, on October 24, 2023, and December 13, 2023. On December 27, 2023, defendant filed his notice of appeal, appealing the court's December 13, 2023, order. On appeal, defendant's counsel argued

that the circuit court erred in entering its October 24, 2023, detention order. We lack jurisdiction to consider that order and affirm the December 13, 2023, order.

¶ 3                                I. BACKGROUND

¶ 4        Defendant, William J. Jenkins, was indicted on December 9, 2021, for three counts of delivery of a controlled substance (720 ILCS 570/401(c)(2), (d)(1) (West 2020)). Defendant's bond was set at $500,000, but he remained in custody. Four months later, the grand jury returned a five-count indictment against defendant in Will County case No. 22-CF-419. In that case, defendant's bond was set at $1,000,000, and he remained in custody.

¶ 5        On October 3, 2023, defendant, as a self-represented litigant, filed a motion for pretrial release in case No. 22-CF-419. In his motion, defendant stated that he was also indicted and remained detained in this case. The State filed a verified petition to deny pretrial release in case No. 22-CF-419. Following a hearing, on October 24, 2023, the court entered a joint pretrial detention order in this case and case No. 22-CF-419, finding that the proof was evident that defendant committed a detainable offense, he posed a real and present threat to the safety of any person or the community, and no conditions could mitigate this threat. The court also found he had a high likelihood of willful flight to avoid prosecution. The order stated that the court based its decision on the nature and circumstances of the offenses, defendant's prior criminal history, the identity of any persons to whose safety defendant posed a threat and the nature of the threat, defendant was on release at the time of the offenses, and defendant had a significant history of obstruction, escape, and flight. A transcript from the hearing is not included in the record, and defendant did not appeal that order.

¶ 6        On November 29, 2023, defendant, as a self-represented litigant, filed a motion for GPS pretrial release in case No. 22-CF-419. In his motion, defendant again stated that he was also

2

indicted and being held in custody in this case. The court held a hearing on December 12 and 13, 2023. Counsel for defendant conceded that no motion for pretrial release was filed in this case. On December 13, 2023, the court stated that it considered the statutory factors and determined that GPS monitoring would not mitigate defendant's dangerousness. The court issued a joint detention order in this case and case No. 22-CF-419, which was substantially similar to the October detention order.

¶ 7        On December 27, 2023, defendant filed his notice of appeal. The notice of appeal listed the trial court's December 13, 2023, order as the order being appealed. Counsel was appointed to represent defendant in his appeal.

¶ 8                                    II. ANALYSIS

¶ 9        On appeal, defendant's counsel contends that the court lacked power to enter the October 24, 2023, detention order because the State did not file a petition to detain defendant in this case. The State responds that we lack jurisdiction to review the propriety of the October detention order because defendant did not timely appeal that order.

¶ 10        We turn first to the question of our jurisdiction. A defendant is entitled to appeal any order denying pretrial release. 725 ILCS 5/110-6.1(j) (West 2022). Illinois Supreme Court Rule 604(h) governs appeals from orders denying pretrial release. Ill. S. Ct. R. 604(h) (eff. Oct. 19, 2023). At the time of the circuit court's orders in this case, Rule 604(h)(2) provided: "Review shall be by Notice of Appeal filed in the circuit court within 14 days of the entry or denial of the order from which review is being sought." *Id.*[1]

_____

[1] The supreme court has since amended Rule 604(h). See Ill. S. Ct. Rule 604(h) (eff. Apr. 15, 2024)). We apply the rule in effect at the time the court's orders were entered. See *People v.*

¶ 11	"The filing of a notice of appeal is the jurisdictional step which initiates appellate review." (Internal quotation marks omitted.) *People v. Smith*, 228 Ill. 2d 95, 104 (2008). "An untimely notice of appeal deprives the reviewing court of jurisdiction." *People v. Hongo*, 2024, IL App (1st) 232482, ¶ 25.

¶ 12	Here, the circuit court entered its initial detention order on October 24, 2023. Defendant could have appealed that order on the basis that the circuit court lacked authority to enter it because the State never filed a petition to detain. See *People v. Shockley*, 2024 IL App (5th) 240041, ¶ 18 (vacating detention order where State did not file a petition to detain). However, defendant did not appeal the initial detention order. Instead, defendant filed a notice of appeal from the circuit court's order for continued detention entered on December 13, 2023. Because defendant did not timely appeal the trial court's October 24, 2023, initial detention order, we lack jurisdiction to review it. See *id*. ¶ 28.

¶ 13	We have jurisdiction to review the December 13, 2023, order requiring defendant's continued detention for which defendant filed a timely notice of appeal. See *id*. ¶ 31. However, defendant raises no issues with that order. While defendant's notice of appeal checks boxes for grounds for relief, defendant did not raise these issues in his subsequent memorandum. Defendant has, thus, forfeited any issues raised in his notice of appeal that are not argued in his memorandum. *People v. Mitchell*, 2024 IL App (3d) 230758, ¶ 15; *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42. Therefore, we affirm the circuit court's December 13, 2023, detention order.

¶ 14	III. CONCLUSION

---

*Ponder*, 10 Ill. App. 3d 613, 619 (1973) (applying supreme court rule in effect at the time in question, not amended version enacted later).

¶ 15 The judgment of the circuit court of Will County is affirmed.

¶ 16 Affirmed.