2024 IL App (1st) 240208-U

No. 1-24-0208B

Filed April 18, 2024

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 23 CR 12572 |
| | ) | |
| MICHAEL BIBBS, | ) | Honorable |
| | ) | Steven G. Watkins |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We vacate order entered on the State's petition to revoke release where there was no valid basis for such a petition and defendant was detained pursuant to a prior unchallenged detention order.

¶ 2    The defendant, Michael Bibbs, is charged in two felony cases alleging separate crimes on different dates: theft committed on November 13, 2023, and aggravated unlawful use of a weapon (AUUW) committed on November 16, 2023. The sequence of his charges, however, is in reverse chronological order. That is, Bibbs was charged with AUUW first and theft second. In both cases, he was initially charged in the Municipal Division of the Cook County Circuit Court before each

case was separately superseded by indictment. Bibbs was ordered detained in the AUUW case in the Municipal Division on November 17, 2023. The State subsequently filed a petition to revoke pretrial release and a second detention hearing took place in the AUUW case in the Criminal Division on January 3, 2024. Bibbs was again ordered detained, and he appeals that order. We find that the proceedings here did not conform to the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/100-1 *et seq.* (West 2022)) and vacate the January 3, 2024, order.

¶ 3                                    I. BACKGROUND

¶ 4        Bibbs was arrested on November 16, 2023. According to the State's proffer of January 3, 2024, officers of the Chicago Police Department observed Bibbs driving a black Jeep going the wrong way on a one-way street. The officers attempted to stop Bibbs, but he fled at a high rate of speed after the officers activated their emergency lights. Bibbs eventually struck a parked vehicle before crashing into the porch of a residence. Bibbs fled on foot but was soon found lying injured a short distance away. He and a passenger from the Jeep were both arrested. Police recovered two firearms from the interior of the crashed Jeep. On the driver's seat, police found a loaded Glock 22 modified to be fully automatic. Investigation based on its serial number reveals it was reported as stolen in Wisconsin. The second firearm, found on the driver' side floorboard, was a loaded Glock 22 with a 24-round extended magazine. Bibbs was 18 years old and had not been issued a firearm owner's identification (FOID) card or concealed carry license (CCL). The crashed Jeep had been reported as stolen on November 9, 2023.

¶ 5        Bibbs was charged with AUUW in the Municipal Division in case number 23111417601. The State filed a verified petition for a pretrial detention hearing in that case on November 17, 2023, pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).[1] After a hearing

_____

[1]The petition and order from the Municipal Division case were not included in the record. The State attached copies to its memorandum and requested that we take judicial notice. The appellate court may take

the same day, a judge of the Municipal Division found the State had proven by clear and convincing evidence the three requisite propositions to detain Bibbs; that is, (1) the proof was evident and the presumption great that Bibbs had committed a detention eligible offense, (2) Bibbs poses a real and present threat to the safety of any person(s) or the community, based on the specific articulable facts of the case, and (3) no condition or combination of conditions of release can mitigate the threat Bibbs poses. See *id*. § 110-6.1(e)(1)-(3) (setting forth the three propositions the State must prove to rebut a defendant's presumed eligibility for pretrial release). The court entered a written detention order using a template form. The three propositions are preprinted on the form. On lines provided below each proposition, the court wrote specific facts from the case that it relied upon to reach its findings. Bibbs did not appeal the November 17 detention order. The Municipal Court charge was superseded by indictment, which became the case that is the subject of this appeal (no. 23 CR 12572).

¶ 6    After his arrest on the AUUW charge, police discovered evidence linking Bibbs to another crime. According to the State's January 3, 2024, proffer, a group of ten people wearing masks stole in excess of $200,000 worth of merchandise, mostly handbags, from a Louis Vuitton store on East Grand Street in Chicago on November 13, 2023. Video footage showed some of the offenders flee in a black Jeep—the same stolen Jeep Bibbs was found driving on November 16. After Bibbs was arrested, police discovered a Louis Vuitton bag inside the Jeep with a price tag and bar code attached. The bar code revealed that the bag was among the items stolen on November 13. Police also recovered a cell phone on Bibbs's person. A search of the cell phone revealed several photos of Louis Vuitton bags with attached tags and bar codes. The depicted bags were also stolen on November 13. Data from the cell phone indicated that it was shut off for a two and a half hour

---

judicial notice of public records that are part of the records of another court. *Primax Recoveries, Inc. v. Atherton*, 365 Ill. App. 3d 1007, 1012 (2006).

period that included the time the Louis Vuitton store was robbed. Bibbs was charged with theft related to these events in Municipal case number 23111381601. That charge was superseded by indictment on January 22, 2024, and became case number 24 CR 772 in the Criminal Division.

¶ 7     The State filed a "Petition for Revocation of Pretrial Release" on December 19, 2023. The revocation petition appears to have been filed under case number (23 CR 12572) and requested a hearing before the Criminal Division judge based on the allegation that Bibbs is charged with a new offense, specifically theft, committed while on pretrial release. The Municipal Division case number for the theft charge is written in the space provided to specify the new charge. The petition asserted that the State would show that no conditions of release would reasonably ensure Bibbs's appearance for later hearings. The bottom portion of the form is an order signed by a Municipal Division judge detaining Bibbs and transferring the petition for a hearing before the Criminal Division judge on December 20. The State filed a second revocation petition on December 20. It is identical to the previous petition except that the State adds that it will show no conditions of release would prevent Bibbs from being charged with a subsequent felony or class A misdemeanor. The order portion is unsigned.

¶ 8     The report of proceedings provided in the record before us consists solely of a transcript from an appearance before the Criminal Division judge on January 3, 2024. At the outset, the following discourse occurred:

"[Defense Counsel]: This is set for hearing today.

THE COURT: For a detention hearing?

[Defense Counsel]: Correct.

THE COURT: State, are you ready?

[ASA]: Was anything filed? I wasn't sure.

- 4 -

THE COURT: Yeah, he filed it on the last date, 12-20."

The State proceeded to proffer the allegations related to the AUUW case as stated above. After the proffer, the following was stated:

"[ASA]: Judge, in this case this defendant was arrested on November 16 of 2023 on this case. The defendant then went back into first appearance court again for revocation of pretrial release which was filed December 19th of 2023.

If I may have a moment to pull up that court date. It's for theft and it was set to be heard in here I believe on December 20th.

[Defense Counsel]: I think it's still in the prelim.

[ASA]: The revocation was set to be heard in here.

[Defense Counsel]: Okay. Got you.

***

[ASA]: It's still in Branch 44. The next court date is January 12, 2024. In that case the defendant is charged with theft. It appears that that case actually predates this case. The incidents which the defendant is charged with in that case occurred three days prior to this case on November 13th of 2023."

The State proceeded to proffer the allegations regarding Bibbs's theft charge.

¶ 9        Defense counsel argued that the State had not shown Bibbs to be a danger to the community or a flight risk. Counsel offered that Bibbs was working toward obtaining a GED and that he works for his aunt's restaurant.

¶ 10        Following the proffer, the court stated as follows:

"This Court finds that *** the State has proven by clear and convincing evidence that the proof is evident and the presumption great that the defendant did commit the offenses

charged in the indictment including but not limited to aggravated unlawful use of a weapon. Defendant poses a real and present threat to the safety of the community, that no less restrictive conditions or combination of conditions of pretrial release can mitigate the real and present threat [posed] by this defendant. Defendant will remain detained."

¶ 11    The same day, the court entered a written order using the same template detention order form that the Municipal Division judge used to order Bibbs detained on November 17. Beside the preprinted finding for the first proposition, the court wrote, "unlawful use of a weapon machine gun." For the second proposition, the court crossed through the words "To wit" that appear just after the finding and left the lines that follow blank. For the third proposition, the court entered a period to complete the sentence and crossed through the word "because." The lines that follow were left blank. The order indicates that Bibbs was to be detained pending trial.

¶ 12    Bibbs filed a notice of appeal on January 16, 2024, stating that he was appealing the circuit court's January 3, 2024, order. The notice of appeal used a template form to appeal orders pursuant to Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Bibbs checked three boxes to indicate that his grounds for relief were: (1) the State failed to meet its burden to prove by clear and convincing evidence that he poses a real and present threat to the safety of any person(s) or the community based on the specific accruable facts of the case; (2) the State failed to prove that no conditions can mitigate the threat he poses or his willful flight; and (3) the court erred in finding that no conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with subsequent crimes. More specific arguments were supplied in the blank spaces below these preprinted assertions.

¶ 13    Bibbs filed a memorandum in lieu of an appellate brief, as permitted by Rule 604(h)(2). Initially, he argues that the State's revocation petition should be stricken since he was never

released following his arrest and thus there is no pretrial release to revoke. He has been in the custody of the Cook County Sherriff continuously since November 17, 2023. Bibbs asserts that "the only appropriate remedy would [be] to strike the State's revocation petition with prejudice given that a revocation does not apply to [his] situation."

¶ 14    Second, Bibbs argues that the circuit court's January 3 order should be vacated because the proceedings were procedurally improper. He submits that there is a "vast discrepancy between what the State sought and what the circuit court ultimately did." Bibbs explains that the State filed a petition requesting revocation of pretrial release, but the court made findings and entered an order consistent with an initial detention hearing, not a revocation hearing. Acknowledging that he is raising these procedural issues for the first time on appeal, Bibbs requests that we review the issues either under the plain error doctrine or through a claim of ineffective assistance of trial counsel for failing to object.

¶ 15    Next, Bibbs contends the State failed to meet its burden to prove that he poses a safety risk, and that no conditions of release could mitigate that risk. Regarding the latter, Bibbs argues that the State did not offer evidence specifically addressing conditions of release but relied solely on its proffer of the factual allegations in his cases.

¶ 16    Last, Bibbs claims the circuit court did not comply with section 110-6.1(h)(1) of the Code (725 ILCS 5/110-6.1(h)(1) (West 2022)), which requires a detention order to include a written summary of "the court's reasons for concluding the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community." As a remedy, Bibbs requests that we vacate the court's January 3 order and remand the matter for a new detention hearing in accord with the Code.

¶ 17    In its responsive memorandum, the State contends that Bibbs forfeited his procedural arguments regarding the January 3 proceedings by failing to raise them before the trial court or include them in his notice of appeal. The State concedes, however, that it erroneously filed an inapplicable petition to revoke pretrial release since Bibbs had never been released. Nevertheless, the State argues the January 3 proceeding was compliant with the Code. In so arguing, the State submits that the court was not required to hold a detention hearing pursuant to section 110-6.1(f) of the Code (*id.* § 110-6.1(h)), as Bibbs was already afforded such a hearing on November 17 and did not appeal the resulting detention order. Instead, the January 3 hearing was a subsequent appearance where the court need only determine whether continued detention is necessary, as required by section 110-6.1(i-5) of the Code (*id.* § 110-6.1(i-5)). Relying on *People v. Stokes*, 2024 IL App (1st) 232022-U[2], the State argues that the three propositions it must prove in an initial detention hearing need not be shown for continued detention at subsequent hearings and the court is not obligated to include a written summary of its reasons for its finding that continued detention is necessary. Alternatively, the State contends that it nonetheless proved the three propositions necessary to detain Bibbs at the January 3 hearing.

¶ 18                                    II. ANALYSIS

¶ 19    We agree with Bibbs, and as the State concedes, the State's December 20 petition to revoke pretrial release was inapplicable to the circumstances in this case. Logic dictates that pretrial release cannot be revoked if release was never granted. To be sure, revocation of pretrial release as provided in section 110-6 of the Code—and even stated in the template petition the State used— is only a possibility when a defendant has previously been granted pretrial release and is charged with a felony or class A misdemeanor committed *during* pretrial release. 725 ILCS 5/110-6(a)

---

[2]Nonprecedential orders entered under Rule 23(b) like *Stokes* may be cited for persuasive purposes. Ill. S. Ct. R. 23(e)(1) (eff. Feb. 1, 2023).

(West 2022). Those circumstances did not occur here. Bibbs has been in continuous custody since his arrest on November 16. He was never released thereafter. Further, the State's petition to revoke alleged that Bibbs committed an offense *before* the offense he had been detained on. Thus, on its face, the petition failed to allege a sufficient basis for a hearing to consider revoking pretrial release.

¶ 20        In addition, the petition did not provide a basis for a detention hearing under section 110-6.1(f) of the Code (*id.* § 110-6.1(f)). At the January 3 hearing, the parties and the court expressly referred to the matter as a detention hearing and treated it as such. The record does not make clear that the State's revocation petition prompted the January 3 hearing. The court stated "he" filed "it" on December 20, but the record does not clarify who "he" is or what "it" is. The court may have been referring to the State's revocation petition and both parties' memoranda seem to assume the revocation petition was the basis. However, it is possible that the court was referring to some other motion not included in the record on appeal. It is also possible that the proceeding took place *sua sponte* upon a mistaken assumption that a new detention hearing is to occur when a Municipal Division case is superseded by indictment in the Criminal Division. The Code does not contemplate such a procedure.

¶ 21        Nevertheless, a detention hearing should not have taken place as it did on January 3. As the Fifth District recently observed, "no provision within [the Code] permits a circuit court to *sua sponte* consider the denial of pretrial release absent the filing of a verified petition as required by section 110-6.1(a)." *People v. Shockley*, 2024 IL App (5th) 240041, ¶ 18. The State's prior filed verified petition was ruled upon on November 17. A second petition was not pending before the court. Indeed, such a petition was unnecessary since Bibbs had already been detained.

¶ 22 We note that the Code provides that in subsequent appearances for a detained defendant, the court need only determine whether "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2022). We agree with the observation in *Starks* that the Code does not require the circuit court to repeatedly hold comprehensive pretrial release hearings. 2024 IL App (1st) 232022-U, ¶ 36. At subsequent appearances after denial or pretrial release, the State only maintains the burden to demonstrate that continued detention is necessary. *Id.* ¶ 29. "[T]he State must set forth a factual basis to support continued detention and the court must base its finding on the specific articulable facts of the case." *Id.* Unlike an initial detention hearing, however, proof of the three propositions is not required for continued detention. *Id.* ¶ 36. And "the court is not required to make findings as to whether less restrictive conditions of release could be utilized." *Id.* ¶ 38. Likewise, subsection 110-6.1(h)'s requirement that the court summarize the reasons for its findings in writing does not apply. *Id.*

¶ 23 The State invites us to affirm the January 3 order as tantamount to a finding that Bibbs's continued detention was necessary, in compliance with subsection (i-5), and argues the State's factual proffer supported that finding. The court did not make such a finding, however, and we are disinclined to recharacterize the court's order. The court made affirmative findings on the three propositions and ordered Bibbs detained pending trial. Thus, a detention order resulted from the January 3 proceeding, and we regard the order as such.

¶ 24 Although we agree with Bibbs that the procedure here was erroneous, it does not lead us to find he is entitled to a new detention hearing. The January 3 hearing afforded Bibbs an opportunity to improperly relitigate his original detention determination. Arguably, both Bibbs and

the State acquiesced to holding a new detention hearing. The parties' acquiescence, however, does not allow parties to bypass statutory requirements. See *People v. Adams*, 2024 IL App (4th) 231385-U, ¶ 17 ("Despite the parties' and the trial court's acquiescence to the procedure employed, we caution the parties against conducting proceedings in this manner in the future. The State must file a verified petition for detention under section 110-6.1 to proceed with a detention hearing under that statutory section, whether it is to initiate a proceeding to detain or it is filed in response to a motion to reopen conditions of pretrial release."). We will not remand this case for a new hearing, as the January 3 hearing should not have occurred.

¶ 25        Since the court lacked the authority to conduct a detention hearing, we vacate the resulting January 3 order. Consequently, Bibbs remains detained pursuant to the November 17 order and the court must consider whether continued detention is necessary at any subsequent appearance at which he remains detained. We observe that Bibbs makes no argument regarding a finding of the necessity of continued detention in accord with subsection (i-5). Nor does he challenge the findings or detention order of November 17. Accordingly, we do not review those matters.

¶ 26                                III. CONCLUSION

¶ 27        For these reasons, the court's order of January 3, 2024, is vacated.

¶ 28        Order vacated.