2024 IL App (2d) 240552-U
No. 2-24-0552
Order filed November 12, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Nos. 21-CF-57 21-CF-542 21-CF-491 |
| JAVION J. EWING, | ) ) ) | Honorable Marcy L. Buick, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Kennedy and Mullen concurred in the judgment.

**ORDER**

¶ 1   *Held*:  Where the defendant was held without bond because his bond was revoked, the trial court did not err in denying the defendant's motion to reconsider his conditions of release as the defendant had a history of noncompliance with conditions of pretrial release.

¶ 2   The defendant, Javion Ewing, appeals from the trial court's order denying his motion to reconsider the conditions of pretrial release in three separate cases pending in the circuit court of De Kalb County: Nos. 21-CF-57, 21-CF-542, and 21-CF-491.  All three cases involved felony charges.  We affirm.

¶ 3         I. BACKGROUND

¶ 4  On January 8, 2020, in No. 21-CF-57, the defendant was charged with unlawful possession of cannabis (720 ILCS 550/4(d) (West 2018)) (Class 4 felony) and unlawful possession with the intent to deliver cannabis (*id.* § 5(d)) (Class 3 felony). On November 27, 2021, in No. 21-CF-542, the defendant was charged with armed violence (720 ILCS 5/33A-2 (West 2020)) (Class X felony), armed habitual criminal (*id.* § 24-1.7) (Class X felony), two counts of unlawful possession of a weapon by a felon (*id.* § 24-1.1) (Class 2 felony), unlawful possession of cannabis with intent to deliver (720 ILCS 550/5 (West 2020)) (Class 3 felony), and unlawful possession of cannabis (*id.* § 4) (Class A misdemeanor). On September 12, 2022, the defendant was charged, in No. 22-CF-491, with unlawful possession of cannabis (*id.*) (Class 4 felony) and unlawful possession of cannabis with intent to deliver (*id.* § 5) (Class 3 felony). In the first case, the defendant posted bond and was released. In the second case, the defendant posted bond and was released on electronic home monitoring (EHM). In the third case, the defendant was released on a recognizance bond. A condition of release in all three cases was that the defendant not commit any additional offenses.

¶ 5  On October 13, 2022, in No. 22-CF-549 (the fourth case), while on EHM, the defendant was charged with unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401 (West 2020)) (Class 2 felony), unlawful possession of a controlled substance (*id.* § 402) (Class 4 felony), unlawful possession of cannabis with intent to deliver (720 ILCS 550/5 (West 2020)) (Class 3 felony), and unlawful possession of cannabis (*id.* § 4) (Class A misdemeanor). Bond was set at $30,000 and the defendant was not to be released on a recognizance bond. The record indicates that the defendant did not post bond and remained in custody.

¶ 6 On October 14, 2022, the State filed a petition to revoke the defendant's bail in the first three cases. The trial court granted that motion six days later. The defendant's bond was revoked, and he was back in custody without bond in those cases.

¶ 7 On October 5, 2023, after the effective date of amendments to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes informally called the Pretrial Fairness Act (see Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of P.A. 101-652) and *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023)), the defendant filed a motion for pretrial release in all four of the cases. On October 26, 2023, the trial court denied the motion. On December 11, 2023, the defendant appealed from that order and the case was docketed in this court as No. 2-23-0559. The State filed a motion to dismiss on the basis that the notice of appeal was untimely. On December 27, 2023, this court granted that motion and dismissed the appeal.

¶ 8 On June 20, 2024, the defendant filed a motion for reconsideration of pretrial release conditions in the first three cases pursuant to sections 6 and 7.5(b) of the Code (725 ILCS 5/110-6, 7.5(b) (West 2022)). The defendant argued that he should be granted pretrial release because there were conditions of release that could mitigate any threat he posed and ensure he did not commit another criminal offense. On July 2, 2024, the State filed a petition to revoke the defendant's pretrial release under section 6 of the Code (*id.* § 6) because the defendant was charged with new felonies in the fourth case while he was on pretrial release in the first three cases. The State argued that there were no conditions of release that could reasonably ensure the appearance of the defendant for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor.

¶ 9    On July 11, 2024, following a hearing, the trial court denied the defendant's motion and granted the State's petition to revoke the defendant's pretrial release in the first three cases. The trial court noted that, while the defendant was out on bond in the first case and under orders not to commit any further offenses, he continued to accrue new felony charges such that there were four separate felony cases in the pretrial stage pending before the court. The trial court found that, based on the seriousness of the charges and the defendant's history of noncompliance with pretrial release orders, there was clear and convincing evidence that there were no conditions of release that would prevent the defendant from being charged with a subsequent felony or a Class A misdemeanor.

¶ 10    On July 15, 2024, the defendant filed a *pro se* notice of appeal from the trial court's order denying his motion to reconsider. The appeal was docketed in this court as No. 2-24-0409. An appellate defender was appointed to represent the defendant. The defendant filed an unopposed motion to dismiss the appeal as premature because the defendant had not yet filed a Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) motion for relief. This court granted the defendant's motion, and that appeal was dismissed.

¶ 11    On July 24, 2024, the defendant filed a motion for relief in the trial court. The defendant argued that the State failed to provide sufficient proof, as required by section 6(a) of the Code (725 ILCS 5/110-6(a) (West 2022)), that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or a Class A misdemeanor. The defendant asserted that the State simply relied on his previous conduct but provided no argument as to why conditions of release would not be successful. Further, he argued that the State failed to address any specific conditions of release that might prevent him from reoffending. The defendant argued that

conditions of release were appropriate because he had successfully completed a sentence in a case in another county, and he was selected as a trustee in the De Kalb County jail, which demonstrated that he was considered trustworthy.

¶ 12     On September 11, 2024, a hearing was held on the motion for relief.  The defendant argued that the State failed to carry its burden of proving that there were no conditions that could mitigate the likelihood that he would commit another offense.  The defendant argued that he could be placed in a residential treatment facility with curfew and other restrictions, or he could be placed on EHM. He asserted that merely because he committed new offenses while on bond was not sufficient to deny him pretrial release.  The State argued that it had met its burden, noting that the defendant committed new offenses in his car and in his apartment while on EHM.  The State argued that this, coupled with the defendant's repeated commission of new offenses while on released on bond, was sufficient to detain him.  On September 18, 2024, the trial court entered a written order denying the defendant's motion for relief for the reasons stated on the record at the July 2024 hearing.  The defendant then filed this timely appeal.  On October 1, 2024, the defendant filed a notice in lieu of a Rule 604(h) memorandum.

¶ 13                                II. ANALYSIS

¶ 14     On appeal, the defendant argues that the trial court erred in denying his motion to reconsider his conditions of pretrial release.  Pretrial release is governed by Article 110 of the Code (725 ILCS 5/110-1 *et seq.* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction.  *Id.* § 110-2(a).

¶ 15     The defendant filed his motion to reconsider under sections 110-6 and 110-7.5(b) of the Code (*id.* §§ 110-6, 7.5(b)).  Section 7.5 of the Code (*id.* § 7.5) addresses those persons who were

arrested prior to the effective date of the amendments to the Code and divides them into three categories:

> "The first category consists of any person who was released subject to pretrial conditions prior to the effective date of the [amendments to the Code]. *Id.* § 110-7.5(a). The second category consists of any person who remains in pretrial detention after being ordered released with pretrial conditions, *including the depositing of monetary security*. *Id.* § 110-7.5(b). The third category consists of any person who remains in pretrial detention and whose bond was previously set as 'no bail.' *Id.*" (Emphasis in original.) *People v. Lippert*, 2023 IL App (5th) 230723, ¶ 9.

¶ 16 Defendants who fall into the second category are entitled to a hearing under section 110-5(e) of the Code (725 ILCS 5/110-5(e) (West 2022)), while defendants who fall into the third category are entitled to a hearing "for reconsideration of pretrial conditions." *Id.* § 7.5(b); see also *People v. Wilcoxson*, 2024 IL App (4th) 231373-U, ¶ 35. Here the defendant falls under the third category and, because he was held without bond on felony charges in the first three cases, would be entitled to a hearing under section 7.5(b)(1) of the Code (725 ILCS 5/110-7.5(b)(1) (West 2022)). "[W]hen a defendant seeks reconsideration of pretrial release conditions under section 110-7.5(b)(1), the proceedings may focus on either or both section 110-6 and section 110-6.1, depending on the circumstances of the individual case and the original basis for holding the defendant without bail." *People v. Chaney*, 2024 IL App (2d) 230563, ¶ 22.

¶ 17 Here, the defendant filed his motion to reconsider pretrial conditions under section 6 of the Code (725 ILCS 5/110-6 (West 2022)) because he was held without bail after his pretrial release was revoked. Section 110-6 of the Code addresses the revocation and modification of conditions of pretrial release and provides that at a hearing on a petition to revoke:

"The [trial] court shall consider all relevant circumstances, including, but not limited to, the nature and seriousness of the violation or criminal act alleged. The State shall bear the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." *Id.*

¶ 18 "A trial court's decision to detain a defendant is reviewed using a two-part standard of review—this is true regardless of whether that decision stems from a petition to detain or a petition to revoke." *People v. Perez*, 2024 IL App (2d) 230504, ¶ 13. A trial court's finding that the State presented clear and convincing evidence that the defendant failed to comply with previous conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release, will not be reversed unless those findings are against the manifest weight of the evidence. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person could agree with the trial court. *Id.*

¶ 19 In the present case, we cannot say that the trial court's determination was against the manifest weight of the evidence. While the defendant was on pretrial release in the first three cases, under orders not to commit further offenses, the defendant continued to commit new offenses. As a result, the defendant had pending felony charges in four cases at the same time. Further, when the defendant was arrested in the fourth case, he was on EHM. This evidence

demonstrated a history of noncompliance with conditions of release. It was thus not against the manifest weight of the evidence for the trial court to conclude that no condition or combination of conditions would prevent the defendant from being charged with a subsequent felony or a Class A misdemeanor. Accordingly, the trial court's decision to deny the defendant's motion to reconsider his conditions of pretrial release was not an abuse of discretion.

¶ 20                                    III. CONCLUSION

¶ 21    For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 22    Affirmed.